UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVIDSA GUZMAN,

                                                    **COMPLAINT**

                      Plaintiff,

      - against -

CANNOLI PLUS INC. d/b/a
CANNOLI PLUS, and
ANTONIO ALAIMO, individually,

                      Defendants.
-------------------------------------------------------------------X

       Plaintiff Davidsa Guzman ("Guzman" or "Plaintiff"), by and through her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Cannoli Plus Inc. d/b/a Cannoli Plus ("Cannoli Plus") and Antonio Alaimo ("Alaimo"), individually (collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff to recover unpaid overtime compensation and unpaid minimum wage compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff worked primarily as a packer and clerk for Cannoli Plus, a wholesale bakery distributor owned and operated by Defendants.

3. Plaintiff brings this action on behalf of herself to remedy violations of the wage and hour provisions of the FLSA and the NYLL by Defendants.

4. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§195 (1) and (3).

5. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages along with liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff Davidsa Guzman

9. Plaintiff is an adult individual residing in Kings County, New York.

10. Plaintiff worked for Defendants from on or about November 5, 2020 to on or about April 14, 2022.

11. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

### Defendant Cannoli Plus Inc.

12. Cannoli Plus is a wholesale bakery distributor operating at 6903 New Utrecht Ave., Brooklyn, NY 11228.

13. At all times relevant to this action, Cannoli Plus was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. On information and belief, Cannoli Plus has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

**Defendant Antonio Alaimo**

15. Upon information and belief, Alaimo is the manager and/or owner of Cannoli Plus, who has the power to set wages and schedules, hire and fire employees and maintain their records.

## STATEMENT OF FACTS

**Plaintiff's Employment with Defendants**

16. Plaintiff worked from Tuesday to Saturday.

17. Plaintiff worked 8:00 a.m. to 5:00 p.m.

18. From November 5, 2020 to December 2020, Plaintiff was paid $10 per hour.

19. From January 2021 to June 2021, Plaintiff was paid $11 per hour.

20. From July 2021 until April 14, 2022, Plaintiff was paid $13 per hour.

21. From November 5, 2020 to December 2020, Plaintiff was paid entirely in cash.

22. From January 2021 to June 2021, Plaintiff was paid $349 by check and the rest of her payment in cash.

23. For this time period, Plaintiff received paystubs only for the portion of her salary that was paid by check.

24. From July 2021 to April 14, 2022, Plaintiff was paid $400 by check and the rest of her payment in cash.

25. For this time period, Plaintiff received paystubs only for the portion of her salary that was paid by check.

26. Throughout Plaintiff's entire employment with Defendants, he was not paid any wages for overtime hours worked.

27. Plaintiff was a victim of Defendants' common policy and practices, which violated her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

28. Defendants' pay practices resulted in Plaintiff not receiving full payment for all her hours worked, and resulted in Plaintiff's effective rate of pay falling below the required minimum wage rate.

**Prior Lawsuit Against Defendants**

29. This is not the first lawsuit against Defendant corporation for violations of the FLSA and the NYLL.

30. Specifically, Defendant corporation Cannoli Plus, Inc., was sued in *Yanez v. Cannoli Plus Inc. et al,* 1:10-cv-04284-BMC.

31. In July 2011, the matter was settled.

**Defendants' Violations of the Wage Theft Prevention Act**

32. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

33. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

34. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

4

principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of the Fair Labor Standards Act

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

37. Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

38. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

39. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

40. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

### SECOND CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of New York Labor Law

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

43. Defendants failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay for all of her overtime hours worked, in violation of the NYLL.

44. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

45. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and prejudgment and post judgment interest.

## THIRD CAUSE OF ACTION
### Failure to Provide Annual Wage Notices in Violation of New York Labor Law

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

48. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

49. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**Failure to Provide Wage Statements in Violation of New York Labor Law**

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

52. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

53. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## FIFTH CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of New York Labor Law

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

56. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of the Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

57. At all times relevant, Plaintiff was covered by the NYLL.

58. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

59. Defendants failed to pay Plaintiff the minimum hourly wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

60. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

61. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs. And prejudgment and post judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of an order and judgment against Defendants, as follows:

a. Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

b. Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

c. Damages for the minimum wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

d. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 198;

e. Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

f. Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

g. For prejudgment and post judgment interest on the foregoing amounts;

h. For the costs and disbursements of the action, including attorney's fees; and,

i. For such other further and different relief as the Court deems just and proper.

Dated: June 17, 2022
New York, New York

          **THE LAW OFFICES OF JACOB ARONAUER**

          By:    */s/ Jacob Aronauer*
                   Jacob Aronauer, Esq.
                   225 Broadway, 3rd Floor
                   New York, NY 10007
                   (212) 323-6980
                   *jaronauer@aronauerlaw.com*
                   *Attorney for Plaintiff*